JOHN E. KELLY, ESQ. (SBN 40217)
JohnK@Kelly-KelleyLaw.com
AARON T. BORROWMAN, ESQ. (SBN 201920)
Aaron@Kelly-KelleyLaw.com
MICHAEL A. DiNARDO, ESQ. (SBN 216991)
Mike@Kelly-KelleyLaw.com
KELLY & KELLEY, LLP
6320 Canoga Ave, Suite 1650
Woodland Hills, CA 91367
Telephone: 818-347-7900
Facsimile: 818-340-2859

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORANGE BANG, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SUDDEN IMPACT, PARTNERS, INC., an Arizona corporation,<br><br>Defendant. | CASE NO. 2:16-cv-06752<br><br>**COMPLAINT FOR:**<br><br>**(1) Infringement of U.S. Registrations;**<br>**(2) False Designation of Origin and Misrepresentation, 15 U.S.C. §1125(a);**<br>**(3) Infringement of Marks, California Law; and**<br>**(4) Unfair Competition, California Law.**<br><br>**DEMAND FOR JURY TRIAL** |

For its Complaint, Plaintiff ORANGE BANG, INC., alleges:

**JURISDICTION AND VENUE**

1. This civil action is for: Federal Claim of Infringement of U.S. Registrations (15 U.S.C. §1051 et seq., 15 U.S.C. §1114) (First Cause of Action); Federal Claim of False Designation of Origin and Misrepresentation, (15 U.S.C. §1051 et seq., 15 U.S.C. §1125(a)) (Second Cause of Action); State Claim of Mark Infringement under the Statutory Laws and Common Law of the State of California, (Calif. Bus. & Prof. Code §14245) (Third Cause of

Action); and, State Claim of Unfair Competition under the Statutory Laws and Common Law of the State of California, (Calif. Bus. & Prof. Code §17200-17203; §17500) (Fourth Cause of Action).

2. The Court has jurisdiction over the subject matter and personal jurisdiction over the parties by reason of: 28 U.S.C. §1331 & 1338 (a) and 15 U.S.C. §1121 for the First and Second Causes of Action; and supplemental and pendent jurisdiction under 28 U.S.C. §1367 & §1338(b) for the Third and Fourth Causes of Action.

3. The Court also has jurisdiction over the parties and the subject matter of the Third and Fourth Causes of Action as there is complete diversity of citizenship between the parties - and the matter in controversy, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00)(15 U.S.C. §1332).

4. Venue is proper in this judicial district for all Causes of Action (28 U.S.C. §1391(b)).

## GENERAL ALLEGATIONS

5. Plaintiff, ORANGE BANG, INC. (usually "Plaintiff"), is a corporation duly organized and existing under and by virtue of the laws of the State of California, with its principal place of business within this judicial district at 13115 Telfair Avenue, Sylmar, California 91340.

6. Defendant, SUDDEN IMPACT, PARTNERS, INC. (usually "Defendant"), is a corporation formed under the laws of the State of Arizona, having a principal place of business at 321 E. Chilton Drive, Chandler, Arizona 85225.

7. Plaintiff is engaged in the business of developing and producing beverages, primarily mixes and concentrates for fruit juice and fruit and herbal flavored drinks, related goods and related services. Plaintiff markets and distributes its goods and services in California within this judicial district and in interstate commerce.

8. Defendant is engaged in the business of developing and producing beverages, namely, energy drinks. Defendant markets and distributes its goods in California within this judicial district and in interstate commerce.

9. Since at least as early as the year 1981, Plaintiff has continuously and extensively used the trademark OLÉ to identify the source of its fruit juice and fruit and herbal flavored drinks and distinguish its goods/services in the marketplace.

10. Long after Plaintiff first used its OLÉ mark, Defendant adopted and commenced commercial usage of the OLÉ ENERGY name and sometimes OLÉ for its beverage goods and promotional materials and has caused its goods to be sold, marketed, distributed, advertised and promoted under these designations.

11. In early 2009, Plaintiff first became aware of Defendant's use of its OLÉ and OLÉ ENERGY marks in connection with beverages.

12. Upon further investigation, Plaintiff learned that in March of 2006 Defendant had filed an intent-to-use trademark application before the United States Patent and Trademark Office (USPTO) for the OLÉ ENERGY and logo trademark, which was assigned Serial No. 78/840,459. In September of 2006, the Examining Attorney of the USPTO refused registration of Defendant's OLÉ

ENERGY and logo trademark based upon the assertion that it was likely to create a confusion with Plaintiff's OLÉ trademark, referencing Plaintiff's prior-filed U.S. Application Serial No. 78/738,452 used in connection with Plaintiff's non-alcoholic fruit and herbal juice, fruit-flavored drinks, herb-flavored drinks and concentrates therefor; milk-based and rice-based non-alcoholic drinks, namely, horchata and concentrates therefor. Defendant failed to convince the Examiner to withdraw the refusal, and the application was suspended and then eventually expressly abandoned by Defendant.

13. Plaintiff learned that in November of 2006 Defendant had filed a second trademark application before the USPTO for the word mark OLÉ ENERGY for use in connection with energy drinks, and it was assigned Serial No. 76/668,825. The application claimed a first use in commerce of August of 2006 (approximately 25 years after Plaintiff began using the mark OLÉ in connection with beverages). A different Examining Attorney at the USPTO refused to register Defendant's OLÉ ENERGY trademark, based upon the assertion that it would create confusion with Plaintiff's OLÉ trademark, citing Plaintiff's prior-filed Application Serial Nos. 78/738,452 and 76/586,954 (now U.S. Registration No. 3,315,078) in a March of 2007 Office Action. Defendant failed to convince the Examining Attorney to withdraw the basis of refusal, and its application for OLÉ ENERGY was suspended, and remains suspended at this time.

14. Plaintiff, through counsel, notified Defendant by letter dated February 2, 2009 to cease and desist use of OLÉ and OLÉ ENERGY. Defendant, through counsel, by letter dated

February 17, 2009 stated there was no likelihood of confusion between Defendant's OLÉ ENERGY mark as used in connection with energy drinks and Plaintiff's OLÉ trademark as used in connection with fruit juice, fruit and herb-flavored and milk and rice-based drinks. On March 13, 2009 Plaintiff, through counsel, sent another letter to Defendant, through counsel, disagreeing with Defendant's assertions and defenses and noting that the USPTO had taken the position that there was a likelihood of confusion between the OLÉ ENERGY and OLÉ trademarks, and again demanding that Defendant cease use of the OLÉ mark in association with beverages. Defendant did not respond to Plaintiff's March 13, 2009 letter, and subsequent monitoring by Plaintiff of Defendant's OLÉ ENERGY beverage led Plaintiff to believe that the OLÉ ENERGY energy drink was no longer being sold by Defendant and the OLÉ ENERGY mark had been discontinued.

15. Plaintiff was not aware of any sales of Defendant's OLÉ ENERGY energy drinks until early 2016, when Plaintiff's President, David Fox, happened to see Defendant's OLÉ ENERGY drinks being sold on Amazon.com.

16. Plaintiff, through counsel, sent a letter to Defendant, dated February 11, 2016, informing that it had become aware of Defendant's resumed sale of its OLÉ ENERGY beverages through the Amazon.com website and requested that Defendant voluntarily discontinue further commercial usage of the OLÉ mark. Between March and August of 2016, Plaintiff and Defendant, through their counsel, corresponded with one another but were unable to reach a resolution to the dispute.

///

17. Defendant sells, markets, advertises, promotes and distributes its OLÉ ENERGY beverage goods in the regular course of business in interstate commerce, in the State of California, and within this judicial district.

18. Defendant has transacted and is doing business in interstate commerce, in the State of California, and within this judicial district.

19. Plaintiff's claims asserted against Defendant regarding all causes of action stated in these pleadings arose in this judicial district.

**FIRST CAUSE OF ACTION**

**(INFRINGEMENT OF U.S. TRADEMARK REGISTRATIONS)**

20. Plaintiff incorporates by reference as part of this Cause of Action the allegations contained in paragraphs 5 through 19.

21. Plaintiff is the exclusive owner of incontestible U.S. Trademark Registration No. 3,315,078 for OLÉ, listed on the Principal Register, granted October 23, 2007 and used for beverage goods described as "rice and milk-based beverages, namely horchata; and non-alcoholic and non-carbonated fruit juice beverages" in International Class 32. A copy of the registration from the records of the USPTO is attached to this Complaint and identified as Exhibit "A".

22. Plaintiff is the exclusive owner of U.S. Trademark Registration No. 3,619,438 for a TAMARINDO OLÉ! logo, listed on the Principal Register, granted May 12, 2009 and used for goods described as non-alcoholic fruit juice beverages in International

Class 32. A copy of the registration from the records of the USPTO is attached to this Complaint and identified as Exhibit "B".

23. Subsequent adoption and commercial use by Defendant of the OLÉ mark and commercial phrases that include the term "OLÉ", including OLÉ ENERGY, in connection with its energy drinks and related goods is likely to cause confusion, mistake and deception in the minds of purchasers, members of the trade and in the general public relative to Plaintiff, Plaintiff's above-identified federally registered marks and the correct source of Defendant's goods.

24. Past, present and future commercial usage by Defendant of the OLÉ mark, and commercial phrases that include "OLÉ", including OLÉ ENERGY, constitutes infringement of Plaintiff's U.S. trademark registrations under the U.S. trademark laws (15 U.S.C. §1051 et. seq., 15 U.S.C. §1114(a)).

25. Plaintiff is entitled to a full range of injunctive and monetary relief and remedies under the U.S. trademark laws. 15 U.S.C. §§ 1116, 1117 and 1118.

**SECOND CAUSE OF ACTION**
**(FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATION RE TRADEMARKS UNDER THE LANHAM ACT 15 U.S.C. §1125(a))**

26. Plaintiff incorporates by reference as part of this Cause of Action the allegations contained in paragraphs 5 through 19.

27. The OLÉ mark as used by Plaintiff for its fruit juice and herbal and fruit flavored and milk and rice-based beverages is a designation of origin that identifies Plaintiff as an

exclusive source and distinguishes Plaintiff's goods in the marketplace.

28. The designation of origin of the OLÉ mark as used by Plaintiff as a mark and source indicator was inherently distinctive when first used and protectable under the U.S. trademark laws long prior to Defendant's entry into the marketplace using identical and closely similar OLÉ designations and commercial phrases that include the term OLÉ.

29. The mark and designation of origin OLÉ, as used by Plaintiff as its mark and source indicator is readily recognized and has become well-known and famous among customers, members of the trade and the general public by reason of Plaintiff's extensive use of this designation of origin in connection with selling, promoting and advertising its goods/services.

30. Plaintiff has from time to time over the years, used and prominently displayed its OLÉ mark on promotional materials, including t-shirts, decals, buttons, shopping bags, toys and glasses.

31. For purposes of promoting, selling, marketing and distributing its beverages and related goods, Plaintiff uses its OLÉ mark on or in connection with advertising, commercial literature, window signs, spinners, table displays, menu board strips, dispenser decals and illuminators.

32. The parties promote their beverages using the name OLÉ on their respective websites. Attached to this Complaint and identified as Exhibit "C" are pages from Plaintiff's website, www.orangebang.com. Attached to this Complaint and identified as Exhibit "D" are pages from Defendant's website, www.oleenergy.com.

33. Plaintiff markets its OLÉ beverages both directly and through distributors (e.g., including The Pepsi Bottling Group) to multiple retail stores (e.g., including 7-Eleven convenience stores) where members of the general public purchase and consume OLÉ beverages drawn from dispensers into drinking containers.

34. Defendant markets its OLÉ beverages through at least its own website www.oleenergy.com, the Amazon.com website and through convenience stores.

35. Plaintiff's OLÉ beverages embrace multiple flavors sometimes identified and displayed in designations such as, but not limited to, HORCHATA OLÉ, JAMAICA OLÉ, TAMARINDO OLÉ!, MELÓN OLÉ, WATERMELON OLÉ!, PINK LEMON OLÉ, MANGO OLÉ, PUNCH OLÉ, ORANGE OLÉ, NATURAL LEMON OLÉ, PEACH OLÉ, GRAPE OLÉ, CRANBERRY OLÉ, and RASPBERRY ICED TEA OLÉ. Since 1981 to the present, Plaintiff has used a family of OLÉ marks to identify the source of its beverage goods.

36. Commercial usage by Defendant of OLÉ and OLÉ ENERGY is likely to cause confusion, mistake and deception in the minds of purchasers, members of the trade and the general public - relative to Plaintiff's goods/services, Plaintiff's commercial activities, Plaintiff and the correct source of Defendant's goods.

37. Existing and potential customers, members of the trade, as well as members of the general public will, upon observing or reacting to Defendant's usage of OLÉ, and other designations of origin, including OLÉ ENERGY, likely believe there is a sponsorship, affiliation, association, licensing and/or other business connection between Plaintiff and Defendant.

38. Defendant's unauthorized usage of OLÉ is likely to cause initial interest confusion relative to Plaintiff and the correct source of Defendant's goods.

39. Defendant either knew or should have known that in selecting and using OLÉ ENERGY as a designation of origin, it would fool purchasers and members of the trade into mistakenly believing that Defendant's goods were produced, sponsored, approved or licensed by Plaintiff.

40. By using the above-described false designation of origin OLÉ ENERGY, Defendant has passed off its goods as Plaintiff's goods.

41. Plaintiff has no plain, speedy or adequate remedy at law and will continue to suffer great and irreparable injury to its trade identity rights for which it cannot be fully compensated in damages - unless the Court enjoins Defendant from further usage of its confusingly similar and false designation of origin OLÉ ENERGY and OLÉ.

42. Past, present and future commercial usage by Defendant of OLÉ ENERGY, the designation OLÉ and other designations including the term OLÉ - constitute infringement, false designation of origin, false representation and violation of Plaintiff's trade identity rights and the general public's right to be free from confusion and misrepresentations under the U.S. trademark laws. 15 U.S.C. §1051 et seq., §1125(a).

43. Plaintiff is entitled to a full range of injunctive and monetary relief and remedies under the provisions of The Lanham Act and the U.S. laws relating to trademarks and unfair competition. 15 U.S.C. §§ 1116, 1117 and 1118.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF MARK RIGHTS UNDER THE COMMON LAW AND STATUTORY LAW OF THE STATE OF CALIFORNIA)**

44. Plaintiff incorporates by reference as part of this Cause of Action the allegations contained in paragraphs 5 through 19.

45. OLÉ, as adopted and continuously used by Plaintiff to distinguish its goods/services from those of others, is a mark that is protectable under the common law and the statutory laws of the State of California. California Business & Professions Code §14245.

46. OLÉ, as used by Plaintiff to distinguish its goods and identify its business, symbolizes Plaintiff's business reputation and goodwill under the common law and the statutory laws of the State of California. California Business & Professions Code §14330.

47. Defendant's unauthorized usage of the OLÉ and OLÉ ENERGY marks, and commercial phrases that include the term "OLÉ", is likely to injure Plaintiff's business reputation; is likely to dilute the distinctive quality of Plaintiff's marks; is likely to cause confusion, mistake or deception as to the correct source of Defendant's goods; and infringes Plaintiff's trade identity rights and related property rights under the common law and statutory laws of the State of California.

48. Plaintiff has no adequate remedy at law and will continue to suffer great and irreparable injury for which it cannot be fully compensated in money damages, unless the Court enjoins Defendant from the above-described conduct.

///

**FOURTH CAUSE OF ACTION**

**(UNFAIR COMPETITION UNDER CALIFORNIA LAW)**

49. Plaintiff incorporates by reference as part of this Cause of Action the allegations contained in paragraphs 5 through 19 and 26 through 48.

50. Defendant's above-described conduct constitutes unfair competition under the common law and statutory laws of the State of California (California Business and Professions Code §§ 17,200, 17,203, and 17,500).

51. Defendant has misappropriated the goodwill symbolized by Plaintiff's distinctive mark OLÉ.

52. Upon information and belief, Defendant had prior awareness of and imitated Plaintiff's established mark OLÉ, and has unjustly enriched itself at Plaintiff's expense.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff ORANGE BANG, INC., prays for:

1. Judgment for preliminary and permanent injunctions enjoining Defendant SUDDEN IMPACT, PARTNERS, INC., all of its officers, directors, owners, partners, employees, servants and agents, and all those persons in active concert or participation with Defendant from violating Plaintiff's rights by way of:

(a) using OLÉ ENERGY or any name or phrase including "OLÉ" for or in connection with selling, marketing, advertising, promoting and/or distributing beverages, or related goods/services.

(b) using any word, name, mark, designation, logo or other materials for or in connection with selling, marketing,

advertising, promoting and/or distributing beverages, and any related goods/services which is likely to cause confusion, mistake or deception as to source relative to any of Plaintiff's names, marks, designations of origin, logos, including the name OLÉ, OLÉ-related marks or phrases including "OLÉ".

(c) passing off Defendant's goods/services as Plaintiff's goods/services.

(d) practicing unfair competition, unfair trade practices, false advertising and/or misappropriation against Plaintiff.

(e) practicing any conduct aimed at or likely to result in diverting business intended for Plaintiff or injuring Plaintiff's goodwill and business reputation by way of imitation, misappropriation, false statements, fraud, advertising and/or deception.

2. An Order from the Court commanding that Defendant mail notice letters at its expense to all customers, accounts, distributors, dealers, jobbers, salesmen, sales reps, and suppliers - informing them that Defendant has committed unfair competition and trademark infringement against Plaintiff and that it has no affiliation, connection or other business relationships with Plaintiff.

3. An Order from the Court commanding that Defendant deliver to Plaintiff for destruction, all advertising, labeling, bottles, containers, packaging, sales literature, promotional literature, catalogs, marketing materials and other trade pieces within its possession or control which use or display:

(a) OLÉ ENERGY; and

(b) any phrase including the term "OLÉ".

4. Money damages and treble damages suffered by Plaintiff in an amount to be ascertained.

5. An accounting for all Defendant's profits.

6. Reasonable attorneys' fees and costs of this civil action (15 U.S.C. §1117(a)).

7. All other injunctive and monetary relief which the Court deems justifiable.

**DEMAND FOR JURY TRIAL**

Plaintiff, ORANGE BANG, INC. hereby demands a trial by jury.

Dated: September 8, 2016

KELLY & KELLEY, LLP

/s/ Aaron T. Borrowman
By:______________________________
AARON T. BORROWMAN
Attorneys for Plaintiff

NH\G:\Fox\Pleadings\Complaint